# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **INTELLECTUAL VENTURES II LLC,** | |
| **Plaintiff/Counter-Defendant,** | **Civil Action No. 1:20-cv-00457-ADA** |
| **v.** | **JURY TRIAL DEMANDED** |
| **VMWARE, INC.,** | |
| **Defendant/Counter-Plaintiff.** | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Intellectual Ventures II LLC ("IV") and Defendant VMware, Inc. ("VMware") (together "the Parties") expect discovery in the above-captioned action, including any appeals therefrom (this "Litigation"), to encompass certain information that may constitute proprietary, confidential, commercially sensitive, trade secrets, and/or other confidential research, development, business, or commercial information.  If such information is disclosed or disseminated in an unprotected manner, it may cause substantial harm to Plaintiff, Defendant, and/or nonparties, including loss of competitive advantage, loss of existing business, and loss of business opportunities.  Accordingly, the Parties, by and between their representative counsel, have stipulated and agreed, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, that the following Stipulated Protective Order (the "Protective Order") shall govern the handling of Discovery Material in the Litigation.

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party

to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "**CONFIDENTIAL**." The word "**CONFIDENTIAL**" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "**CONFIDENTIAL**" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "**CONFIDENTIAL**."

2.      "Designated Materials"[1] means any information of any type, kind, or character that is designated as "**CONFIDENTIAL**," "**RESTRICTED – ATTORNEYS' EYES ONLY**," or "**RESTRICTED – SOURCE CODE**" by any of the supplying or receiving persons, whether it be a document, source code, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

3.      With respect to Designated Materials, subject to provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing, or deposition testimony, or documents marked as exhibits for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings;

---

[1] The term Designated Materials is used throughout this Protective Order to refer to the class of materials designated as "**CONFIDENTIAL**," "**RESTRICTED – ATTORNEYS' EYES ONLY**," or "**RESTRICTED – SOURCE CODE**," both individually and collectively.

(d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Designated Materials shall also be considered Designated Materials and treated as such under this Order.

4.   A   designation   of   Protected   Material   (i.e.,   "**CONFIDENTIAL**," "**RESTRICTED - ATTORNEYS' EYES ONLY**," or "**RESTRICTED - SOURCE CODE**") may be made at any time.  Inadvertent or unintentional production of documents, information or material that has not been designated as Designated Material, shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as Designated Material may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.   "**CONFIDENTIAL**" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court:

   a.  outside counsel of record in this Action for the receiving Party;

   b.  supporting personnel employed in the law firm(s) of outside counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters to whom it is reasonably necessary to disclose the information for this litigation;

   c.  the officers, directors, and employees of the receiving Party to whom disclosure is reasonably necessary for this litigation, including in-house counsel, paralegals, eDiscovery teams, and secretarial staff;

d. outside consultants or experts and their staff (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:

  i. such consultants or experts and their staff are not presently employed by the Parties or competitors to a Party for purposes other than this Action;

  ii. before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least five (5) business days before access to the Protected Material is to be given to that consultant or expert, so as to allow the producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant and/or expert. Along with the curriculum vitae, the following information shall be provided:  employment history for the past three years and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) business days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

e. independent litigation support services, including persons working for or as court reporters, contract attorneys, videographers, translators, graphics or design services, jury or trial consulting services, mock jurors, document imaging and photocopying services, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, provided that all such outside vendors agree to maintain the confidentiality of Designated Material;

f. any insurers of the receiving Party to whom disclosure is reasonably necessary for purposes of this litigation provided that all such insurers agree to maintain the confidentiality of Designated Material;

g. the Court and its personnel;

h. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

i. an author, signatory, or prior recipient of the document or the original

4

source of the **CONFIDENTIAL** information. Such person shall be given access only to the specific document or information therein that the person authored, signed, or previously received.

6.      A Party shall designate documents, information or material as "**CONFIDENTIAL**" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.      Documents, information or material produced pursuant to any discovery request in this Action, or pursuant to any discovery request in *Intellectual Ventures II LLC v. VMware, Inc.,* USDC WD Texas Case No: 1:20-cv-1075-ADA, including but not limited to Protected Material designated as Designated Material, shall be used only by the Parties in the litigation of this Action and in the litigation of Case No: 1:20-cv-1075-ADA, and shall not be used for any other purpose. However, notwithstanding the foregoing, a producing party may designate documents, information or material as permitted for use only in this Action.  Any person or entity who obtains access to Designated Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified Designated Materials and subject to all of the terms and conditions of this Order.

8.      To the extent a producing Party believes that certain Protected Material qualifying to be designated **CONFIDENTIAL** is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "**RESTRICTED --
ATTORNEYS' EYES ONLY**," or to the extent such Protected Material includes computer source code and/or associated information such as comments and revision histories, configuration

information, and header files ("Source Code Material"), the producing Party may designate such

Protected Material as "**RESTRICTED - SOURCE CODE**."

        9.      For Protected Material designated **RESTRICTED - SOURCE CODE**, access to,

and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-

b) and (d-e) and (g-i).  For Protected Material designated **RESTRICTED -- ATTORNEYS'**

**EYES ONLY**, access to, and disclosure of, such Protected Material shall be limited to individuals

listed in paragraphs 5(a-b) and (d-i).  Additionally, each side may designate up to and including

two (2) in-house counsel, to whom disclosure is reasonably necessary for this litigation, to gain

access to, and disclosure of, such **RESTRICTED -- ATTORNEYS' EYES ONLY** material,

provided that the designated in-house counsel agree to be bound by this Protective Order, are

identified to the producing Party prior to receiving the **RESTRICTED -- ATTORNEYS' EYES**

**ONLY** material, and complete the Undertaking attached as Appendix A hereto and the same is

served upon the producing Party at least five (5) business days before access to the Protected

Material is to be given to that in-house counsel, so as to allow the producing Party to object

to and notify the receiving Party in writing that it objects to disclosure of Protected Material

to the in house counsel. The Parties agree to promptly confer and use good faith to resolve

any such objection. If the Parties are unable to resolve any objection, the objecting Party may

file a motion with the Court within ten (10) business days of the notice, or within such other

time as the Parties may agree, seeking a protective order with respect to the proposed

disclosure.  The objecting Party shall have the burden of proving the need for a protective

order. No disclosure shall occur until all such objections are resolved by agreement or Court

order.  If designated in house counsel is given access to the Protected Material designated

**RESTRICTED -- ATTORNEYS' EYES ONLY**, the Protected Material designated

**RESTRICTED -- ATTORNEYS' EYES ONLY** will, at all times, be maintained and accessed at the offices of outside counsel of record and shall not be stored, delivered to, viewed, or maintained or otherwise have access to Protected Material designated **RESTRICTED -- ATTORNEYS' EYES ONLY** at the physical location or on the devices of a Party. Notwithstanding the foregoing, if designated in house counsel is given access to the Protected Material designated **RESTRICTED -- ATTORNEYS' EYES ONLY,** the Protected Material designated **RESTRICTED -- ATTORNEYS' EYES ONLY** may also be made available for their review on a password protected network site; if made available as such, the designated in house counsel shall not download a local copy of the Protected Material designated **RESTRICTED -- ATTORNEYS' EYES ONLY** or otherwise share, display to others, screen capture, transcribe or print copies of this material.

10.     For Protected Material designed **RESTRICTED – SOURCE CODE**, the following additional restrictions apply:

      a.  Access to a Party's source code material shall be provided only on one "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). Use or possession of any input/output device or other electronic device (e.g., USB memory stick, cameras, or any camera-enabled device, laptop, cellular telephones, etc.) is prohibited while in the room containing the stand-alone computer.

        The reviewer shall be allowed to take notes, and such notes shall be provided to the reviewing Party without review by the producing Party. The notes should not include verbatim copies of the source code itself. The stand-alone computer shall be provisioned with software sufficient to review and search the source code on the stand-alone computer. Upon the reviewing Party's request, other commercially available software tools for viewing and searching source code shall be installed on the computer, provided that (a) the reviewing Party possesses an appropriate license to such software tools; and (b) the producing Party approves such software tools (the approval of which shall not be unreasonably withheld). Such request and software shall be provided at least seven (7) business days in advance of the date upon which the reviewing Party wishes to have the additional software tools available for use on the computer.

The stand-alone computer may be connected to a printer solely for the limited purposes permitted pursuant to paragraph 10(h) below. Additionally, the stand-alone computer may only be located at the offices of the producing Party's outside counsel (unless mutually agreed upon by the reviewing and producing Parties);

b.   The reviewing Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. local time, excluding holidays.  The reviewing Party shall also provide the producing Party at least 48 hours-notice of intent to review the stand-alone computer prior to being given access.  This request shall be made in writing to outside counsel of record for the producing Party and shall include the first and last name(s) of the person(s) who intend to review the stand-alone computer.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the reviewing Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

c.   The producing Party shall provide the reviewing Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code Material on the stand-alone computer;

d.   The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer as described above;

e.   A reviewing Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the documents containing such Source Code Material are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

f.   To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as **RESTRICTED - SOURCE CODE** or (2) those pages containing quoted Source Code Material will be separately stamped and treated as **RESTRICTED - SOURCE CODE**;

g.   No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code Material, except that the reviewing Party may request a reasonable number of pages of Source Code Material to be printed on watermarked or colored pre-bates numbered paper, which shall be provided by the producing Party.

No more than 250 pages of the total Source Code Material produced by a producing Party may be in printed form at any one time. No more than 25 pages

of continuous Source Code Material will be printed without the authorization of the producing Party. Notwithstanding the foregoing, the reviewing Party may request to print additional total pages, or continuous pages, of Source Code Material in excess of the amounts stated in this paragraph, which request(s) the producing Party will not unreasonably deny upon a showing of good cause. If additional pages are requested and objected to, the objecting Party shall have the burden to seek relief from the Court within ten (10) business days of the objection.

Within 4 business days or such additional time as necessary due to volume requested, the producing Party will provide a copy of the requested material on watermarked or colored paper bearing Bates numbers and the legend "**RESTRICTED - SOURCE CODE**" unless objected to as discussed below. The printed pages shall constitute part of the Source Code Material produced by the producing Party in this action. At the reviewing Parties' request, up to two additional sets (or subsets) of printed Source Code Material may be requested and provided by the producing Party in a timely fashion. Such additional copies of the same source code shall not count toward the 250 page restriction above.

h.  No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

i.  If the reviewing Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the reviewing Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The reviewing Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition); and

j.  Any technical advisor retained on behalf of a reviewing Party who is to be given access to a producing Party's Source Code Material (whether in electronic form or otherwise) must agree in writing not to perform software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code Material reviewed by such expert or consultant for a period of one year after the issuance of a final, non-appealable decision resolving all issues in the case. This shall not preclude such experts or consultants from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code

9

Material reviewed by such expert or consultant.

11.     Absent written consent from the Producing Party, any Outside Counsel, or any other person who actually reviews, obtains, has access to or otherwise learns of the Producing Party's **RESTRICTED -- ATTORNEYS' EYES ONLY** or **RESTRICTED - SOURCE CODE** material, shall not be involved directly or indirectly (including communicating or advising) in the prosecution of patents or patent applications relating to technologies disclosed and/or claimed in U.S. Patent Nos. 7,949,752, RE42,726, RE43,051, RE44,686, and/or RE44,818 or the field of virtualization and virtual machines before any foreign or domestic agency, including the United States Patent and Trademark Office on behalf of a patentee. The purpose of this prosecution bar is to prohibit and prevent any person affiliated with a receiving Party from using designated **RESTRICTED -- ATTORNEYS' EYES ONLY** or **RESTRICTED - SOURCE CODE** material of a Producing Party to influence the drafting or amendment of the claims of any existing or future patent so that the patents read on the Producing Party's past, present, or future products. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination), except that if the party defending a patent before a domestic or foreign agency intends to amend any claims, or draft new claims, an attorney who has received RESTRICTED ATTORNEYS' EYES ONLY or RESTRICTED - SOURCE CODE material cannot participate—directly or indirectly—in seeking the amendment of any claims or the addition of any new claims.  To minimize the risk of inadvertent disclosure, any party defending a patent before a domestic or foreign agency, as stated in the preceding sentence, that intends to seek claims amendments or new claims must erect an ethical wall between

the attorney(s) who received RESTRICTED ATTORNEYS' EYES ONLY or RESTRICTED - SOURCE CODE material and the attorney(s) who are involved in seeking to amend the claims or prepare new claims in the proceeding. This Prosecution Bar shall begin when access to designated **RESTRICTED -- ATTORNEYS' EYES ONLY** or **RESTRICTED - SOURCE CODE** material is first received by the affected individual and shall end one (1) year after final termination of this action.

12.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party no later than five (5) business days after receiving a request for their return, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13.     There shall be no disclosure of any Designated Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The

Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use any Designated Material in taking testimony at any deposition or hearing provided that the Designated Material is only disclosed to a person(s) who is: (i) eligible to have access to the Designated Material by virtue of his or her employment with the designating party, (ii) identified in the Designated Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material, (iv) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 5 and 9 of this Order); (v) an independent contractor, consultant, and/or expert retained for the purpose of this litigation (subject to paragraphs 5 and 9 of this Order); (vi) court reporters and videographers; (vii) the Court; or (viii) other persons entitled hereunder to access to Designated Material. Designated Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "**CONFIDENTIAL**," "**RESTRICTED - ATTORNEY' EYES ONLY**," or "**RESTRICTED - SOURCE CODE**" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "**RESTRICTED – ATTORNEYS' EYES ONLY**."

16.     No party may remove, or cause to be removed, Designated Material (whether in

physical, electronic, or other form) produced by another Party from the territorial boundaries of the United States of America. Notwithstanding this prohibition, Designated Material may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition in this litigation taken in a foreign country.

17.     Any Designated Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Designated Material into evidence at the trial of this Action, or from using any information contained in Designated Material at the trial of this Action, subject to any pretrial order issued by this Court.

19.     A Party may request in writing to the other Party that the designation given to any Designated Material be modified or withdrawn.  The Party must identify the Designated Material it contends needs modification or withdrawal in a specific manner, such as by Bates number.  If the designating Party does not agree to re-designation within four (4) business days of receipt of the written request, the requesting Party may apply to the Court for relief. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.     Each outside consultant or expert to whom Designated Material is disclosed in

accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

21.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend that the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "**CONFIDENTIAL**" or "**RESTRICTED - ATTORNEYS' EYES ONLY**" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have five (5) business days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "**CONFIDENTIAL**" in accordance with this Order.

23.     Within sixty (60) days of final termination of this Action, including any appeals, all Designated Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

24.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26.     Production of Designated Material by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.     If at any time Designated Material in any form is subpoenaed by any court, arbitral,

15

administrative or legislative body, or are otherwise requested in discovery, the person or entity to whom the subpoena or other request is directed shall immediately (a) notify in writing the person or entity who caused the subpoena or other request to issue that some or all of the material covered by the subpoena or request is subject to a Protective Order and include a copy of this Order with such notice, (b) give written notice thereof to every Party or nonparty, and their counsel, who has produced such documents and include a copy of the subpoena or request with such notice, and (c) provide each such producing Party or nonparty with an opportunity to object to the production of such documents. The person or entity to whom the subpoena or other request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to any producing Party or producing nonparty opposing the request for production of such documents or materials. If a producing Party or nonparty does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the Party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

29.      In accordance with Federal Rule of Civil Procedure 26(b), communications and exchanges between counsel and experts (including testifying experts), including those made in preparing drafts of expert reports and declarations, notes, outlines, or any other writings leading up to an issued report(s) in this litigation, are not discoverable unless the expert relies on any such communication to support his or her opinion.  In addition, draft expert reports and declarations are not discoverable, and all communications between counsel for a Party and that Party's expert(s) related to this case or the content of expert reports are exempt from discovery, provided that this limitation on discovery does not permit a Party to withhold any material relied upon by testifying

16

experts solely on the ground that such material was provided to the expert by counsel. All materials generated by an expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report. Neither Party shall seek non-discoverable expert communications, exchanges, notes, or draft reports or declarations.

30.     The United States District Court for the Western District of Texas is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Designated Material for enforcement of the provisions of this Protective Order following termination of this litigation. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

31.     Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Designated Material, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Designated Material other than as permitted under this Protective Order.

32.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Designated Material to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Designated Material.

**SIGNED this** __3rd___ **day of** __July_____**, 2020.**

_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **Intellectual Ventures II LLC,** | |
| **Plaintiff/Counter-Defendants,** | **Civil Action No. 1:19-cv-00475-ADA** |
| **v.** | **JURY TRIAL DEMANDED** |
| **VMware, Inc.,** | |
| **Defendant/Counter-Plaintiff.** | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE
ORDER**

I, _____, declare that:

1.    My address is_____.

My current employer is_____.

My current occupation is_____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "**CONFIDENTIAL,**" "**RESTRICTED - ATTORNEYS' EYES ONLY,**" or "**RESTRICTED - SOURCE CODE**" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "**CONFIDENTIAL,**" "**RESTRICTED - ATTORNEYS' EYES ONLY,**"

1

or "**RESTRICTED - SOURCE CODE**" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____


Date _____