# Exhibit H

| | |
|---|---|
| **Subject:** | IV v VMware: claim construction meet and confer |
| **Date:** | Wednesday, September 23, 2020 at 7:07:17 PM Eastern Daylight Time |
| **From:** | Rueckheim, Mike |
| **To:** | DeBlois, Jonathan, Gilman, Robert R., Vella, Matthew D., Derek Gilliland, Gillis, Maria, Fulford, Thomas |
| **CC:** | Winston-VMware-IV |
| **Attachments:** | image001.jpg |

Counsel,

Thank you for the meet and confer yesterday regarding claim construction positions for the 1:20-cv-457 case. I am writing to confirm and/or follow-up on a few of the terms that we discussed on the call. Please let me know your thoughts or if you want to schedule another meet and confer call this week to discuss.

1. **Preambles**

The parties discussed the preambles terms identified in VMware's preliminary identification of proposed claim constructions and IV's preliminary identification of proposed claim constructions. For clarity, those terms are listed below. The parties agree that these preamble terms are limiting. Please confirm.
- VMware's preliminary identification of proposed claim constructions preamble terms: '378 patent terms 1-2; '546 patent terms 1-2; '464 patent terms 1-5
- IV's preliminary identification of proposed claim constructions preamble terms: '378 patent terms 1-2; '546 patent terms 1-2; '464 patent terms 1-3

2. **'963, '378 and '546 patent terms**

- For "the invocation request identifying the client device and a server-based application", VMware discussed that the term is supported by at least the plain claim language and a discussion in the filewrapper. I understand that IV is going to review the filewrapper citation to see if it can agree to our proposal. Please let us know your thoughts.
- For "application interface", we discussed considering "plain and ordinary meaning" for this term so long as there is an indication that the term is broad enough to include IV's proposed construction. We will confer with our client on this issue. Please let us know your thoughts.
- For "indication of an actuation of a control provided on the client device", we discussed a potential modification to IV's proposal of "indication of user-based interaction of a <u>control</u> portion of an application-interface displayed on the client device". Please let us know your thoughts.

3. **'217 patent terms**

- For "personal state", we discussed considering "plain and ordinary meaning" for this term so long as there is an indication that the term is broad enough to include VMware's proposed construction. We will confer with our client on this issue. Please let us know your thoughts.
- For "[determine / determining, by the server,] the workspace for the at least one network accessible computer from the network accessible stored personal state", VMware discussed that the term is supported by at least the plain claim language and a discussion in the filewrapper. I understand that IV is going to review the filewrapper citation to see if it can agree to our proposal. Please let us know your thoughts.

4. **'464 patent terms**

- For the means-plus-function terms 7-16 and 23-31 (as numbered in IV's preliminary identification of proposed claim constructions), I understand that IV's position is that the structure can be a "gateway 304 including routing manager 306" as described in the specification citations that IV provided and/or "computer system 840 . . ." as described in the specification citations that IV provided. Please confirm. If not, please let us know whether IV is proposing that the structure must include both a "gateway 304 …" and "computer system 840 …"
- For the means-plus-function terms 17-22, I understand that IV is going to double check whether it intended to insert language regarding "computer system 840" into IV's proposed structure. Please let us know your thoughts.

-Mike

**Michael R. Rueckheim**
**Partner**

Winston & Strawn LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
D: +1 650-858-6433
M: +1 713-444-4447
F: +1 650-858-6550
Bio | VCard | Email | winston.com
*Admitted to practice in California, New York, Texas*



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.